Filed 6/17/24  P. v. Pacheco CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F086374 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SF020130A) |
| ARIEL ROBERTO CHIC PACHECO, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Judith K. Dulcich, Judge.

Paul Couenhoven, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Peña, J. and De Santos, J.

Appointed counsel for appellant Ariel Roberto Chic Pacheco asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436; *In re Kevin S.* (2003) 113 Cal.App.4th 97.) Counsel filed an opening brief that sets forth the facts relating to this appeal, and notes that this court previously detailed the facts of the case in appellant's prior appeal (*People v. Pacheco* (Nov. 29, 2022, F083083) [nonpub. opn.]).[1]

Appellant was advised of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from appellant. Finding no arguable error that would result in a disposition more favorable to appellant, we affirm the judgment.

The following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.) A more complete factual recitation of the underlying crimes can be found in our prior opinion affirming appellant's conviction (*People v. Pacheco*, *supra*, F083083).

A jury convicted appellant of kidnapping for robbery, kidnapping, robbery, criminal threats, false imprisonment, and attempting to dissuade a witness. The charges arose after a woman left her car running while she took her child into her cousin's residence. Appellant entered the back seat, and when the woman returned, held an imitation firearm to her head while instructing her to drive to a particular location. When no one arrived to pay ransom for her, appellant demanded money from the woman's purse and left. Appellant confessed after his arrest.

In appellant's prior appeal, we reversed his convictions for kidnapping and false imprisonment as lesser included offenses, affirmed all other aspects of his conviction, but

---

[1]     Counsel refers to our prior appellate opinion but does not request that we take judicial of it. However, appellate opinions, like that from appellant's first appeal, are generally considered to be part of the record of conviction.

2.

remanded to the trial court for resentencing under the new sentencing provisions in Penal Code section 654, which became effective January 1, 2022. (Stats. 2021, ch. 441, § 1.)

On remand, the trial court conducted a resentencing hearing. The court heard argument from appellant's attorney who urged the court to impose a determinate term and stay the indeterminate life sentence after presenting the court with several factors he considered to be mitigating. The court stated that it had spent much time thinking about the case, including the victim's testimony, original sentencing report, and sentencing letters, and characterized the crime as "very frightening." The court acknowledged its discretion to stay the indeterminate life term but concluded that it would not "do justice to this case and to this crime." The court then sentenced appellant to a term of life in prison with parole eligibility after seven years for kidnapping for robbery, a concurrent term of 16 months for dissuading a witness, and imposed and stayed execution of the sentences on the remaining counts pursuant to Penal Code section 654.

Appellant filed a timely notice of appeal.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to appellant.

## DISPOSITION

The judgment is affirmed.